NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3469
_____

UNITED STATES OF AMERICA

v.

DERRICK GODFREY,
                              Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-12-cr-00544-001)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 4, 2016
_____

Before: JORDAN, GREENAWAY, JR., and RENDELL, *Circuit Judges*.

(Opinion Filed: February 17, 2017)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Derrick Godfrey seeks review of his judgment of conviction.[1]  For the reasons set forth below, we will affirm.

## I.    FACTS

On June 1, 2012, while brandishing a silver handgun, Godfrey robbed a Pennsylvania Fine Wine and Good Spirits Store in Philadelphia, Pennsylvania.  He fled in a white sedan, driven by James Thompson.  The next day, again while brandishing a handgun, Godfrey robbed a Pennsylvania Wine and Spirits Store in Norristown, Pennsylvania, as well as a Dunkin' Donuts store in West Norriton Township, Pennsylvania.  As he had the day before, he fled in a white sedan.  On all three occasions, he ordered employees to put the cash with which he absconded into a multicolored bag.

Shortly after the robbery of the Dunkin' Donuts, police officers stopped a white sedan driven by Wayne Waters.  Thompson was in the front passenger seat, while Godfrey was in the back seat.  In the car, the officers found a silver semiautomatic handgun, a multicolored bag, and a black bag containing cash.

On September 27, 2012, Godfrey, along with Thompson and Waters, was charged in a seven count indictment with robbery and weapons offenses.[2]  In one of the counts, Godfrey alone was charged with being a felon in possession of a weapon.  Following a competency hearing, Godfrey began representing himself, with the assistance of stand-by counsel.  Throughout the proceedings before the District Court, Godfrey sought dismissal

---

[1] Pursuant to Federal Rule of Criminal Procedure 32(k)(1), the judgment of conviction includes "the plea, the jury verdict or the court's findings, the adjudication, and the sentence."

[2] In February 2013, Waters pled guilty and ultimately died in jail.

of the indictment.  All of his motions to dismiss the indictment were denied.

On August 22, 2013, a superseding indictment was returned against Godfrey and Thompson, charging them with crimes as charged in the initial indictment, along with the offense of brandishing a weapon.  Adding the brandishing charge triggered the enhanced penalty provision of 18 U.S.C. § 924(c)(1)(A)(ii).

Following a five-day trial, a jury convicted Godfrey of the three robberies and the related weapons offenses.  The jury acquitted Thompson of all charges.  The District Court granted Godfrey's motion for judgment of acquittal on the felon in possession charge.

At the sentencing hearing, the government moved to dismiss one of the three brandishing offenses.  As a result, Godfrey's Sentencing Guidelines range was 100 to 125 months for the robberies, followed by a mandatory consecutive sentence of 384 months for the remaining weapons offenses.  The District Court imposed a sentence of 509 months of incarceration, followed by five years of supervised release, and ordered restitution of $1,950, along with a special assessment of $500.  Godfrey filed a timely appeal.[3]

## II.    ANALYSIS

Deciphering Godfrey's pro se appellate brief is challenging, but, reading his brief

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

3

as broadly as possible,[4] this Court concludes that Godfrey's arguments fall into three distinct categories. First, he challenges the District Court's jurisdiction, arguing that the District Court lacked criminal jurisdiction, exceeded the limits of its geographical jurisdiction, and lacked personal jurisdiction over him. Second, Godfrey claims the superseding indictment was invalid. Third, he asserts that the District Court lacked authority to imprison him.

In addition to these three categories of issues, Godfrey mentions numerous other concerns, such as a lack of probable cause, a Speedy Trial Act violation, and a motion for bail. However, he provides no explanation for any of these points. Generally, we only address issues that were raised and argued in the opening brief. *United States v. Albertson*, 645 F.3d 191, 195 (3d Cir. 2011). While "we tend to be flexible when applying procedural rules to pro se litigants," that exception does not swallow our general rule that requires "federal courts [to] treat pro se litigants the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). While we could, and would, apply "relevant legal principle[s] even when the complaint has failed to name [them,]" we cannot act as counsel for Godfrey by searching the record and making arguments for him. *Id.* Given the bare reference to multiple issues with no further elucidation, we will consider these issues waived.

**A. Jurisdiction**

Godfrey asserts that the District Court lacks jurisdiction over criminal cases

---

[4] "The obligation to liberally construe a *pro se* litigant's pleadings is well-established," no matter how difficult doing so may be. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

because such jurisdiction fails to appear "on the face of the U.S. Constitution." (Appellant's Br. 11.)  The Supreme Court has long recognized that the Necessary and Proper Clause of the Constitution authorizes Congress to enact criminal laws.  *See, e.g.*, *United States v. Comstock*, 560 U.S. 126, 135-36 (2010) ("Thus, the Constitution, which nowhere speaks explicitly about the creation of federal crimes beyond those related to 'counterfeiting,' 'treason,' or 'Piracies and Felonies committed on the high Seas' or 'against the Law of Nations,' nonetheless grants Congress broad authority to create such crimes." (internal citations omitted)); *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 416 (1819) ("All admit, that the government may, legitimately, punish any violation of its laws; and yet, this is not among the enumerated powers of congress.").  The remainder of Godfrey's arguments regarding the lack of criminal jurisdiction focus on a corollary to his Constitutional argument, namely, his belief that the District Court only possesses jurisdiction over civil cases.  Pursuant to 18 U.S.C. § 3231, however, "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."  In light of the clear statement by the Supreme Court that Congress has the authority to enact criminal laws and Congress's grant of jurisdiction in § 3231, these arguments lack merit.

As to the geographic limits of the District Court's jurisdiction, Godfrey argues that the District Court's jurisdiction "clearly should not extend beyond the ten miles square under article 1 section 8 CL 17" (Appellant's Br. 3) and that "the U.S. District Court is without any Power to extend its Authority outside the boundries [sic] of it" (*id.* at 8). Article I Section 8 Clause 17 authorizes the creation of what is now the District of

5

Columbia and has no relevance to the present case. As to his claim regarding the geographical boundaries of the District Court, all of the actions alleged in the superseding indictment occurred within the geographical boundaries of the Eastern District of Pennsylvania established by 28 U.S.C. § 118(a). Therefore, the District Court was not extending its authority beyond its authorized geographical limits. We can identify no other basis for Godfrey's argument, and will therefore reject it.

Regarding his claim that the District Court lacked jurisdiction over him, Godfrey states that "[t]he District Court has limited statutory Power to only fine for contempt and imprison for contumacy as to its own members only and none other." (Appellant's Br. 17.) However, a district court's authority is not limited to imposing fines for contempt. Rather, district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.[5] Godfrey's jurisdictional arguments fail.

## B. Validity of the Superseding Indictment

Asserting that the superseding indictment "fails to allege that he is in violation of" a crime, Godfrey also challenges the validity of the indictment. (Appellant's Br. 4.)

> We have held that an indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."

---

[5] Relatedly, the United States Attorneys' offices are authorized to "prosecute for all offenses against the United States" occurring in their respective districts. 28 U.S.C. § 547(1).

*United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (quoting *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007)).  Since the superseding indictment clearly sets forth the actions Godfrey allegedly took, as well as citing the specific criminal statutes he allegedly violated, the superseding indictment is valid.  Therefore, this argument lacks merit.  Godfrey's claim that the superseding indictment charged him with common law crimes similarly lacks any support, given the clear statutory references in the superseding indictment.

Godfrey further argues that the "[i]ndictment is void, where the Original Indictment was amended without it being returned to the Grand Jury."  (Appellant's Br. 21.)  Godfrey bases his argument on two factors – the absence of the signature of the grand jury foreperson on the superseding indictment and the omission of Waters from the superseding indictment.  "Ever since *Ex parte Bain* was decided in 1887, it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself."  *Stirone v. United States*, 361 U.S. 212, 215-16 (1960) (internal citations omitted).  Contrary to Godfrey's assertions, the indictment was amended by the grand jury, and properly signed by the foreperson.  (Supp. App. 29.)  Further, reference to Waters was omitted because he had pled guilty several months before the superseding indictment was adopted by the grand jury.  Thus, this claim lacks merit.

### C. Authority to Imprison

Godfrey argues that the District Court lacked authority to imprison him because "18 U.S.C.S. § 401 is Unconstitutional in part, thus depriving the Court the Want of

7

Power to imprison the Appellant over the Criminal Act." (Appellant's Br. 18.) Section 401, governing a court's authority to punish contempt, has no bearing on Godfrey's case, nor does Section 401 eliminate or override the full panoply of a court's authority to adjudicate all other federal criminal acts. This argument lacks merit.

Finally, Godfrey objects to his sentence because "the U.S. District Court abused it's [sic] Power by not ordering appellant imprisoned until fines or restitution is to be paid." (Appellant's Br. 23.) The judgment of conviction does not require that Godfrey remain imprisoned until his assessment[6] and restitution are paid. Rather, the judgment of conviction simply requires that Godfrey's payments begin during his term of incarceration. Therefore, this argument lacks any support.

## III.    CONCLUSION

Since none of the arguments Godfrey raises have merit, we will affirm the judgment of conviction.

---

[6] Although Godfrey refers to a requirement to pay fines and restitution, the judgment of conviction imposes a special assessment of $500 and restitution of $1,950.